IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEIDI GODSHALL | : | CIVIL ACTION |
| | : | |
| v. | : | No.  11-3000 |
| | : | |
| INDEPENDENCE | : | |
| COMMUNICATIONS, INC., et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                      **November 30, 2011**

Plaintiff Heidi Godshall alleges her former employers, Defendants Independence Communications Inc. (ICI) and Independence Security, LLC (ISL), retaliated against her for taking leave protected by the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*., by terminating her employment.  Defendants ask this Court to dismiss Godshall's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to grant summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56, asserting Godshall has failed to state a claim for retaliation under the FMLA because Godshall was not eligible for, and did not take, FMLA leave.

For the following reasons, Defendants' motion will be denied without prejudice to reassertion after limited discovery has been conducted.

**FACTS**[1]

Godshall was employed by Defendants[2] from September 8, 2005, through January 4, 2011, as a Client Service Coordinator. Godshall reported to and worked out of ICI's office located in Audubon, Pennsylvania. Godshall requested a leave of absence from December 7, 2010, through January 6, 2011, to care for her then-fiancé who was having major neck surgery.[3] On November 1, 2010, Godshall's request for leave was approved by Steven Seiden, President and CEO of both ICI and ISL. As scheduled, Godshall went out on "FMLA" leave on December 7, 2010.[4] Although Godshall offered to work from home during her leave (which the Operations Manager and Controller approved), Seiden did not allow this. On December 15, 2010, Defendants advertised Godshall's

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, a district court is required to accept as true all well-pleaded allegations in the complaint, and view the facts and all reasonable inferences that can be drawn from them in the light most favorable to the plaintiff. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan*, 122 F.3d 171, 176-77 (3d Cir. 1997); *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1164-65, 1167 (3d Cir. 1987) (citing *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir. 1985)).

[2] Godshall claims both ICI and ISL were her employers. Defendants counter that ICI alone was Godshall's employer. This Court will assume for the purposes of this motion that both ICI and ISL employed Godshall.

[3] Godshall and her fiancé were married on December 4, 2010.

[4] Although Godshall is not statutorily required to have specifically requested "FMLA leave," *Modaffare v. Owens-Brockway Glass Container*, 643 F. Supp. 2d 697 701 (E.D. Pa. 2009); *Hayduk v. City of Johnstown*, 580 F. Supp. 2d 429, 455-56 (W.D. Pa 2008) (clarifying to qualify for FMLA leave, an employee must notify his employer of the reason she is taking leave; it is not necessary the employee asserts her leave qualifies under the FMLA), Godshall does not specify Defendants determined she was eligible for FMLA benefits at the time she gave notice of her leave, as is required under 29 C.F.R. § 825.110 (whether an employee is an "eligible employee" under the FMLA "is determined when the employee gives notice of the need for leave"), nor does Godshall allege she was ever granted FMLA leave when her leave request was approved. *See* Compl. ¶¶ 9-10.

position online.  Godshall returned to work on January 4, 2011, and was terminated that same day.

A few weeks later, Godshall learned her position has been filled by someone else.

**DISCUSSION**

Defendants have filed a motion to dismiss the Complaint in its entirety for failure to state a

claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) or,

alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56.  In support of

their motion for summary judgment, Defendants have submitted declarations and other evidentiary

materials outside the pleadings refuting Godshall's claims.

Rule 12(d) provides as follows:

> If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented
> to and not excluded by the court, the motion must be treated as one for summary
> judgment under Rule 56. All parties must be given a reasonable opportunity to
> present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Under Rule 12(d), a court properly converts a motion to dismiss to one for

summary judgment if: (1) the materials submitted require conversion, and (2) the parties are given

adequate notice of the court's intention to convert the motion.  *Rose v. Bartle*, 871 F.2d 331, 340 (3d

Cir. 1989).  Both requirements are satisfied here.  First, Defendants submitted declarations and other

evidence outside the pleadings in support of their motion; consideration of these materials requires

conversion of the motion to dismiss.  As for notice, in the instant case, Defendants styled their

motion as a "Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment."

Thus, by virtue of the title alone, Godshall was on notice that this Court might entertain a motion for

summary judgment.  *See Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996), *disapproved of*

*on other grounds* (noting motions for summary judgment presented as motions in the alternative

3

constitute sufficient notice to the non-moving party that court may convert motion to dismiss into motion for summary judgment).   Furthermore, in her response to the motion, Godshall addressed Defendants' summary judgment evidence and arguments, thereby removing any doubt that Godshall was aware Defendants had moved for summary judgment.   Finally, this Court acknowledged before the parties at oral argument that this motion to dismiss was, in the alternative, a motion for summary judgment.

Having reviewed the parties' submissions, this Court finds conversion is appropriate. Accordingly, Defendants' motion to dismiss or, in the alternative, for summary judgment, shall be treated as seeking summary judgment.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   A factual dispute is "genuine" only if there is sufficient evidence to allow a reasonable fact-finder to return a verdict for the non-moving party.   *Id.*   The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party.   *Saldana v. Kmart Corp.,* 260 F.3d 228, 232 (3d Cir. 2001).

To defeat a motion for summary judgment, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citation and internal punctuation omitted); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986) (explaining the non-moving party may not simply sit back and rest on the allegations in its complaint).   The non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts

showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324  (internal quotations omitted); *see also Saldana,* 260 F.3d at 232 (citations omitted).  Summary judgment is warranted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

The Family and Medical Leave Act was enacted to "balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons . . . in a manner that accommodates the legitimate interests of employers."  29 U.S.C. § 2601.  The FMLA thus requires covered employers to allow "eligible employees" to take a total of twelve weeks of leave per year "to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition."  *Id.* § 2612(a)(1)(C).  The FMLA protects an employee's leave for specific purposes only:  the birth of, and to care for, a child; the adoption or assumption of foster care of a child; to care for an immediate family member suffering from a serious health condition; or the employee's own serious health condition, which makes it impossible for her to work.  *Id.* § 2612(a)(1).  In furtherance of its twin interests, Congress incorporated two exceptions to FMLA's coverage:  Congress excluded employers with fewer than 50 employees, *see id.* § 2611(4)(A)(I), and excluded employees whose employer employs fewer than 50 people within 75 miles of the employee's worksite (the "50/75 provision"), *see id.* § 2611(2)(B)(ii) (providing that if the 50/75 threshold is not met, an employee is not an "eligible employee" under the FMLA); *see also* 29 C.F.R. § 825.110(a) (defining "eligible employee").  Congress contemplated that with these two exceptions, the FMLA would apply to "approximately 5 percent of U.S. employers and 40 percent of U.S. employees."  *Hackworth v. Progressive Cas. Ins.*

*Co.*, 468 F. 3d 722, 726 (10th Cir. 2006).

It is unlawful for a covered employer to retaliate against an employee for engaging in activity protected by the FMLA. *See Fishman v. La-Z-Boy Furniture Galleries of Paramus, Inc.*, No. 04-749, 2005 WL 2000147, at *5 (D.N.J. Aug. 17, 2005)  To recover for retaliation under the FMLA, a plaintiff must show:  (1) she took FMLA leave; (2) she suffered an adverse employment decision; and (3) the adverse decision was causally related to the leave. *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 146-47 (3d Cir. 2004).  Here, Godshall alleges Defendants violated the FMLA's anti-retaliation provision by firing her in retaliation for taking what she characterizes as FMLA leave.

An employee is deemed "eligible" under the FMLA when she has been employed: (1) by the employer for more than 12 months; (2) for at least 1,250 hours of service during the 12-month period immediately preceding the leave; and (3) at a location where 50 or more employees are employed within 75 miles of that location.  29 U.S.C. § 2611(2); 29 C.F.R. § 825.110(a).  This threshold question of whether Godshall is an "eligible employee" under the FMLA "is not jurisdictional, but rather is an element of a plaintiff's claim for relief." *Cheek v. City of Edwardsville*, 514 F. Supp. 2d 1236, 1247 (D. Kan. 2007) (citing *Hackworth*, 468 F. 3d at 726 n.4).  The parties do not dispute that Godshall has met the first two requirements.  Rather, they dispute whether Godshall has met the third requirement, namely, whether she worked at a location within 75 miles of which Defendants employed 50 or more employees. *Hackworth*, 468 F. 3d at 726 n.4 ("If an employer does not employ at least 50 people 'within 75 miles' of an individual's worksite, that individual is not an 'eligible employee' for FMLA purposes.") (internal citations omitted).

Defendants argue Godshall cannot meet this requirement because they did not employ at least 50 employees within 75 miles from Godshall's place of employment in Audubon, Pennsylvania in

6

December 2010/January 2011.  In support of this argument, Defendants submitted the Declarations

of Steven Seiden, President and CEO of ICI and ISL, and Andrew Bickford, President and CEO of

Independent Publications, Inc. (IPI), ICI and ISL's parent company.[5]  Defendants have also provided

printouts from the website www.mapquest.com, showing the distances between the office in which

Godshall was employed and their various other office locations.  *See id.*

In his Declaration, Seiden declares ICI employed a total of approximately 90 employees in

December 2010/January 2011 in its six offices throughout the country located in Pennsylvania

(Philadelphia/Audubon, Harrisburg, and Pittsburgh), Virginia (Richmond), West Virginia

(Charleston), and North Carolina (Jacksonville).  Seiden Decl. ¶¶ 2-3.  Of those 90 employees, 32

of them, including Godshall, worked out of the Philadelphia/Audubon office in December

2010/January 2011.  *Id.* at ¶¶ 4-5.  Defendants argue that because the remaining ICI offices are more

than 75 surface miles away from the Philadelphia/Audubon office location where Godshall worked,

the number of people employed in those locations is not relevant for purposes of the "50/75

provision" under the FMLA.[6]  Defs.' Mot. 17-18; Seiden Decl. ¶¶ 6, 8, Exs. B-E.  With respect to

ISL, which is located in the same Philadelphia/Audubon location where Godshall worked, Seiden

---

[5] IPI is also the parent company to four other entities: Sun Publications of Florida, Inc., McLean Publishing Co., McLean Communications, Inc., and Telegraph Publishing Co.  *See* Bickford Decl. ¶ 3.

[6]According to Defendants' mapquest printouts, Harrisburg is 94 miles away from the Philadelphia/Audubon location; Pittsburgh is 284 miles away; Richmond is 261 miles away; Charleston is 462 miles away; and Jacksonville is 505 miles away.  *See* Seiden Decl. ¶¶ 6, 9; *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 199 n.4 (E.D. Pa. 2008) (taking judicial notice of distances based on estimates provided by www.mapquest.com).

states it employed three people in December 2010/January 2011.[7]  Seiden Decl. ¶ 7.  As a result,

Seiden's Declaration establishes ICI and ISL together – assuming these entities are considered

"integrated employers" – employed a maximum of 35 employees as of December 2010/January

2011, thus falling short of the required 50 employees within 75 miles of the worksite under the

FMLA.  29 U.S.C. § 2611(2); 29 C.F.R. §§ 825.110(a), 825.111.

In her response, Godshall argues the "distance wherein there must be at least 50 employees

for a company to fall under the FMLA is not measured by driving distances, but is measured within

a 75 mile radius, i.e. a straight line," and the employees in the Harrisburg office should therefore be

counted in determining employee eligibility as that office is 73.26 linear miles from the

Philadelphia/Audubon office.  Pl.'s Resp. 7 (citing *Modaffare*, 643 F. Supp. 2d at 699).[8]  Godshall

therefore asserts the map attached to Seiden's Declaration showing the Harrisburg office is 94 miles

from ICI's Philadelphia/Audubon office "does not accurately reflect the distance between corporate

offices."  *Id.*  Moreover, Godshall contends her own internet searches suggest Defendants have more

offices than Seiden acknowledges in his Declaration, including offices in central and south New

Jersey and northern Delaware, which would likely be within 75 miles of Godshall's

Philadelphia/Audubon location.  *Id.* at 10.  In addition, Godshall argues ICI also does business as

"Muzak Independence Communications, Inc.," and  IPI, through its ICI divisions, continues to

---

[7] For purposes of this motion only, Defendants are willing to treat ICI and ISL as "integrated employers."  *See* Defs.' Mot. 12 (citing 29 C.F.R. § 825.104(c)(2), which states, "[s]eparate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the 'integrated employer' test.  Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility").

[8] Contrary to Godshall's argument, *Modaffare*, while it utilizes the term "75-mile radius," does not suggest this "radius" should be measured in linear miles.  643 F. Supp. 2d 697.

acquire Muzak franchises with locations, as of 2004, in "Pennsylvania, Southern New Jersey, Delaware, Virginia, West Virginia, Eastern Ohio, Kentucky and North Carolina." *Id.* Godshall asserts the employees from at least some of these franchises may count towards the 50-employee requirement under the FMLA given the proximity of their offices. *Id.* Consequently, Godshall requests discovery to establish whether any of these additional entities should be considered integrated employers and, if so, whether their employees should count toward the 50-employees-within-75-miles requirement under the FMLA.[9]

Godshall's argument that distance from a worksite should be measured in linear rather than

---

[9] Under Federal Rule of Civil Procedure 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). A party submitting such an affidavit must specify: "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Dowling v. City of Philadelphia,* 855 F.2d 136, 140-41 (3d Cir. 1988). "District courts usually grant properly filed [Rule 56(d) ] motions as a matter of course." *St. Surin v. V.I. Daily News, Inc.,* 21 F.3d 1309, 1314 (3d Cir. 1994) (citation omitted); *see also Colonial Sur. Co. v. DME Constr. Assocs.*, No. 9-956, 2011 WL 703601, at *5 (M.D. Pa. Feb. 18, 2011) ("[W]here relevant information sought is in the hands of the moving party, 'a district court should grant a [Rule 56(d) ] motion almost as a matter of course unless the information is otherwise available to the non-movant.'" (internal citation omitted)).

Although Godshall did not submit an affidavit or declaration in support of her request for discovery pursuant to Rule 56(d), this Court will consider Godshall's request for additional discovery in her response brief, and again at oral argument, as sufficient given that she has essentially met all three factors required of such an affidavit. At oral argument, Godshall requested "five depositions of Defendants" which would help establish whether ICI's "companies are integrated employers and whether they would pass an integrated employer test." If such companies are in fact considered "integrated employers," Godshall could include the employees at those companies in determining employee eligibility. Finally, Godshall has not yet had the opportunity to obtain discovery regarding this issue because the case is still in its early stages.

surface miles is contrary to the purpose behind the 50/75 provision given the balance the FMLA strikes between the needs of the employer and its employees.  The FMLA recognizes  the difficulty an employer may have in reassigning workers to geographically separate worksites, and the statute therefore contemplates that employers who do not have a pool of employees "*nearby*" to cover for an employee on FMLA leave should not be required to provide such leave to its employees.  *Harbart v. Healthcare Servs. Grp.*, 391 F.3d 1140, 1149 (10th Cir. 2004) (warning "[c]ourts must guard against interpretations that might defeat a statute's purpose") (internal citations omitted).  Moreover, the FMLA's implementing regulations specify that the 75-mile distance should generally be measured in surface miles:

> The 75-mile distance is measured by surface miles, using surface transportation over public streets, roads, highways and waterways, by the shortest route from the facility where the employee needing leave is employed.  Absent available surface transportation between worksites, the distance is measured by using the most frequently utilized mode of transportation (e.g. airline miles).

29 C.F.R. § 825.111(b).

Indeed, the courts that have analyzed the 75-miles requirement of the 50/75 provision have determined the proper measurement for the distance between worksites is surface miles, and not linear miles (i.e., "as the crow flies").  *See Hackworth*, 468 F.3d at 729, 730-31 (concluding 29 C.F.R § 825.111(b) is a valid regulation implementing the FMLA, and affirming grant of summary judgment where former employee could show that her former employer employed only 47 people within 75 surface miles of her worksite, and not the requisite 50 people).  In its review of the regulation, the *Hackworth* court looked to the statutory purpose behind the FMLA and reasoned Congress did not intend the distance between two worksites to be measured in linear miles because that measurement could be "deceiving."  468 F.3d at 728 (citing *Bellum v. PCE Constructors, Inc.*,

407 F.3d 734, 739-40 (5th Cir. 2005)).[10]   Rather, the *Hackworth* court found that measuring the distance between two worksites by surface miles "is nearly always a reasonable proxy for the feasability of temporarily relocating an employee to another worksite because 'the overwhelming majority of workers in this country use surface transportation to get to work.'" *Id.*   The court further explained, "[t]he use of surface miles is a fair, reasonably accurate and commonly understood method of determining whether an employer has a significant pool of substitute workers nearby." *Id.* at 729; *see also Bellum*, 407 F.3d at 740 (holding 29 C.F.R. § 825.111(b) is entitled to deference, and recognizing "FMLA is concerned with the practical issue of how an employer will be able to staff its business when an employee takes leave").

Nevertheless, Defendants point out that even if the 75-mile distance were measured in linear miles—which it is not—Godshall still cannot show a sufficient number of employees to meet the "50/75 provision."  Defs.' Reply 7.  This is because Defendants' Harrisburg office employed only five employees, Seiden Decl. ¶¶ 6, 9, bringing the total number of employees within 75 linear miles of the Philadelphia/Audubon office to 37, which still does not satisfy the FMLA requirement.

Defendants also assert Godshall cannot meet the "eligible employee" requirement under the FMLA even if this Court were to assume (for purposes of this motion only) that all of the entities affiliated with Defendants ICI and ISL (which would include Defendants' parent company, IPI, and the four other entities that fall under the IPI umbrella) are "integrated employers," such that the employees of those entities who worked in offices within 75 miles of Godshall's office would count

---

[10] The *Bellum* court reviewed 29 C.F.R § 825.111(b) and highlighted the "absurd result" if the distance between two offices was measured 'as the crow flies' (i.e., linear miles) by providing an example of a company forced to relocate an employee from one worksite to another in order to provide coverage for an employee on FMLA leave where the two worksites are on the north and south rims of the Grand Canyon.

in determining "employee eligibility" for purposes of the FMLA.  Defs.' Reply 8.  In support of this argument, Defendants cite to the Declaration of Andrew Bickford, IPI's President and CEO, in which Bickford states that of the four other entities under the IPI umbrella, two are located in New Hampshire, one is located in Florida, and the last has offices in three cities in Pennsylvania:  New Bethlehem, DuBois, and Brookville.  *See* Bickford Decl. ¶¶ 4-8.  According to Bickford, all of these locations are more than 75 surface miles away from Godshall's Philadelphia/Audubon office.  *See id.*; *see also* Defs.' Reply 11 (requesting Court take judicial notice that the distance to its New Hampshire and Florida offices is greater than 75 miles, as is the distance to its New Bethlehem, DuBois, and Brookville offices, even though all three cities are within the Commonwealth of Pennsylvania).  Thus, none of the employees employed by these four entities in December 2010/January 2011 are relevant to the issue presently before this Court.

However, IPI itself has two offices within 75 miles of Godshall's worksite and, therefore, those employees may be considered in determining employee eligibility.  Bickford Decl. ¶ 4.  IPI has offices in Bryn Mawr, Pennsylvania, and in the Philadelphia/Audubon location where Godshall worked, and together IPI employs seven people at those sites.  *Id.*  In addition, Defendant ICI is the owner of 13 Muzak franchises, as Godshall pointed out in her response.  *Id.* ¶ 9.  In his Declaration, however, Bickford declares that as of December 2010/January 2011, all 90 of ICI's employees "serviced the Muzak franchise line of business.  All of the employees associated with the Muzak franchises owned by ICI are ICI employees.  There are no additional employees."  *Id.* ¶ 9.  Consequently, even with assuming that every entity affiliated with Defendants is an "integrated employer" under 29 C.F.R. § 825.104, there were still only 42 employees within 75 miles of Godshall's worksite.  (This assumes 32 ICI employees where Godshall worked, including herself;

three ISL employees; and seven IPI employees.)  Furthermore, even if this Court were to measure the distance between worksites in linear miles, and therefore include the Harrisburg office in the count, only five additional employees would be added, bringing the total count to 47, which still falls short of the requisite number of employees needed to be an "eligible employee" under the FMLA. Bickford declares there are no other entities affiliated with IPI or Defendants ICI and ISL.  *Id.* ¶ 10.

Although Defendants have convincingly argued Godshall cannot meet a threshold element of her FMLA claim, Godshall has requested "discovery to ascertain the exact number of employees and the exact interrelationship between the many divisions of ICI . . . ." Pl.'s Resp. 11.  Because she has not had an opportunity to develop the record on this point, this Court will permit discovery for this limited purpose only, having established the distance between offices is to be measured in surface miles for purposes of the FMLA.  Accordingly, Godshall shall have forty-five days to depose the President and CEO of IPI, Andrew Bickford, and the President and CEO of Defendants ICI and ISL, Steven Seiden, to determine solely whether Defendants employed at least 50 employees within 75 surface miles of Defendants' Philadelphia/Audubon office in December 2010/January 2011.[11] After that time, Defendants may reassert their motion for summary judgment if appropriate.

---

[11] Although Godshall requested "five depositions of Defendants" at oral argument, she did not identify those depositions with any specificity for the Court.  In addition, and as discussed earlier, Godshall did not provide this Court with an affidavit pursuant to Federal Rule of Civil Procedure 56(f) setting forth the precise discovery needed.  Without any further guidance, Andrew Bickford and Steven Seiden appear to this Court, through their declarations, to have the precise information Godshall seeks to discover, and Defendants do not oppose producing them for deposition. Accordingly, this Court will permit only the limited discovery as specified herein.

Accordingly, Defendants' motion will be denied without prejudice.  An appropriate order follows.

BY THE COURT:


 /s/ Juan R. Sánchez_____
Juan R. Sánchez, J.